## UNITED STATES v. JOHNSON.

District Court, N. D. Indiana, Hammond Division. June 18, 1929.

Oliver M. Loomis, Dist. Atty., of South Bend, Ind., and George L. Rulison, Asst. Dist. Atty., of South Bend, Ind., for the United States.

R. H. Moore and M. P. Glaser, both of Gary, Ind., for defendant.

SLICK, District Judge. Defendant demurs to the indictment on several grounds, only one of which need be considered in this opinion. Each count of the indictment plainly charges that the defendant, in Lake county, on the 19th day of January, 1929, before Eileen Shantz, who was then and there a duly appointed, acting, and qualified notary public of Lake county, Ind., and competent to administer oaths, took an oath that the contents of a certain written statement subscribed by him were true, which said written statement was and constituted an affidavit in support of a written motion for a new trial in a cause entitled "United States v. Louis Goodman," which cause was then pending in the "Hammond Division of the Northern District of Indiana." Then follows a description of the alleged false contents of said written motion.

There is no allegation in either count of the indictment that defendant made said affidavit, intending that it should be, or knowing that it would be, filed, presented, or used in any federal court. There is no correct designation of any federal court in this indictment. There is an allegation that the

false statements were in writing and constituted an affidavit in support of a written motion for a new trial in a cause entitled, "United States v. Louis Goodman," then pending in the Hammond Division of the Northern District of Indiana. If it was intended to charge that the cause was pending in the federal court of the Northern District of Indiana, Hammond Division, the language used falls far short of a correct description of this court.

Section 153, Title 28, USCA provides that "the state of Indiana shall constitute two judicial districts, to be known as the Northern and Southern Districts of Indiana." It is further provided in this act that, for the purpose of holding terms of court, the Northern District shall be divided into three divisions, to wit, the Fort Wayne, the South Bend and the Hammond divisions. The correct legal description of this court then is the United States District Court for the Northern District of Indiana, and the indictment should have charged that the cause was then pending in the Hammond Division of the United States District Court for the Northern District of Indiana.

Defendant is entitled to have the court in which it is alleged his perjured writing was to be used correctly described by its legal name for at least two reasons: First, that he may be informed positively and without equivocation exactly what he is charged with and must meet; and, second, that he may plead autrefois acquit or autrefois convict in a subsequent proceeding.

For this reason, the demurrer should be and hereby is sustained as to each count of the indictment, and the plaintiff, the government of the United States, is granted an exception as to each ruling.